## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Rafael Beriguete | § | |
|     Plaintiff | § | Case No.: |
| v. | § | |
| State Recovery, Inc. | § | U S DISTRICT COURT SDNY |
| Nissan Motor Acceptance Corporation | § | |
| John Does # 1 - 4 | | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, RAFAEL BERIGUETE brings suit against all Defendants for breach of the peace in an attempted repossession in violation of the Uniform Commercial Code, and against the balance of the Defendants other than Nissan Motor Acceptance for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., and for related claims.

### A.   JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendant Nissan Motor Acceptance Corporation under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties")

1

2.      Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Bronx County, New York.

3.      Plaintiff is an individual who resides in Bronx County, New York.

4.      Defendant NISSAN MOTOR ACCEPTANCE CORPORATION is a corporation organized and existing under the laws of the State of California, with a principle place of business at One Nissan Way, Franklin, TN 37067 (Williamson County). Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.  Nissan Motor Acceptance Corporation, may be served by and through its registered agent Lexis Nexis Document Solutions Inc. 80 State St., Albany, NY 12207-2543.

5.      Defendant STATE RECOVERY, INC. is a corporation organized under the laws of the State of New York, with its principal place of business at 1188 Route 52, Walden, NY 12586 (Orange County). It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

## B.      STATEMENT OF FACTS

6.      On or about March 22, 2005 Plaintiff Rafael Beriguete purchased a 2005 Xterra Suburban. The assignee finance company was Nissan Motor Acceptance Corporation ("NMAC"). The amount financed was $31,537.13, the finance charge was $6,559.51, and the total cash price was $40,056.64.

7.      After faithfully making payments on the vehicle for a number of years, Mr. Beriguete's residence burned down. He lost everything. He works as a janitorial custodian and does not make very much money. He began falling behind on his car payments as he sought to pull his financial

2

life back together again.

8.      NMAC retained Defendant State Recovery, Inc., a repossession company, to repossess Mr. Beriguete's vehicle.

9.      John Doe # 1 is the repossession agent State Recovery sent out to repossess the vehicle. He claims his name is "Chuck."

10.     Beginning on or about March 7, 2011, and within one year of the filing of this lawsuit, "Chuck" began a reign of terror in seeking to repossess the vehicle.

11.     Chuck came to Beriguete's apartment complex at 2:00 AM and pounded on the door for long period of time.

12.     Chuck repeated yelled and screamed, threatened to have Mr. Beriguete arrested, threatened he would bring the police, threatened to garnish Mr. Beriguete's wages, threatened to "go to" his mother's house, threatened he would contact his superintendent, and threatened to pound on his door every night at 2:00 AM until he got what he wanted.

13.     Chuck demanded the payment of money as well as demanding possession of the vehicle.

14.     This constituted a breach of the peace, to say the least. It caused a major disturbance both of the peace of Mr. Beriguete and his neighbors who heard this.

15.     Chuck repeatedly came to Mr. Beriguete's apartment complex at all hours.

16.     Chuck repeatedly called Mr. Beriguete's cell phone at all hours as part of his attempt to continue to intimidate Mr. Beriguete.

17.     On information and belief it is the pattern and practice of State Recovery, Inc. and its

3

agents to use conduct such as Chuck's to attempt to collect money and to attempt to repossess vehicles.

18.    On information and belief, the purpose of the pattern and practice of State Recovery, Inc. and its agents in taking these actions is to embarrass the consumer in front of his family and neighbors, and to instill fear into the consumer, his family, and his neighbors so that the consumer will pay money and/or surrender possession of the vehicle.

19.    Mr. Beriguete called NMAC to report the outrageous conduct of Chuck, but NMAC said that was not their problem.

20.    On information and belief, it is the pattern and practice of NMAC to ignore the complaints of consumers for the repossession agents NMAC retains.

21.    NMAC is strictly liable for the actions of its repossession agents as repossession is a non-delegable duty.

22.    In the alternative, NMAC is responsible for the actions of the repossession company for negligent supervision and control, and because the repossession company was the actual or apparent agent for NMAC operating within the course and scope of its agency.

23.    John Does # 2 – 4 are the owners, operators, and managers of State Recovery, Inc. John Does # 2 – 4 are personally responsible for the actions of Chuck.

24.    On information and belief it the pattern and practice of John Does # 2 – 4 to have its repossession agents act in the manner Chuck has in the attempt to collect money and repossess vehicles.

25.    On information and belief, John Does # 2 – 4 direct its repossession agents to act in the

4

manner Chuck did in order to collect money and to repossess vehicles.

26.    On information and belief, John Does # 2 – 4 exercise management and control, or create the policies and procedures, that result in the conduct of Chuck.

27.    In the alternative, also on information and belief, John Does # 2 – 4 exercised negligent supervision and control over Check, who was acting within the course and scope of his employment and agency.

28.    Chuck's pounding on the on the door of Mr. Beriguete and his screaming at Mr. Beriguete on or about March 7, 2011 was State Recovery, Inc.'s "initial communication" within the meaning of 15 U.S.C. 1692g(a) of the FDCPA, but State Recovery, Inc. failed to give the written disclosures required by that section.

29.    On March 14, 2011 counsel for Mr. Beriguete sent to all Defendants the letters attached as Exhibit A and Exhibit B.

30.    On or about May 19, 2011 NMAC mailed Mr. Beriguete a proposed loan modification agreement, a redacted copy of which is attached as Exhibit C. NMAC stated that the "amount due" was $2,956.01.

31.    NMAC refused to send Mr. Beriguete monthly statements indicating the amounts due, the calculation of those amounts, and an accounting listing the crediting of the payments he had made. Mr. Beriguete made payments but received no statements showing that the payments were applied towards the account or in what way.

32.    Confused but fearing new threats of arrest and other harassment, on May 26, 2011 Mr. Beriguete signed and returned the modification agreement.

33.     In addition to the signed modification agreement, Mr. Beriguete included a letter dated May 26, 2011 requesting an accounting of payments and charges from NMAC. Mr. Beriguete asked if the amount NMAC was demanding included penalties and repossession fees, and, of so, the amount of those fees.

34.     Mr. Beriguete's letter of May 26, 2011 constituted a "request for accounting," within the meaning of the NY UCC § 9-210.

35.     NMAC refused to comply with the accounting demand.

36.     Mr. Beriguete had no problem paying the amounts he legitimately owed on the car loan, but wanted to make sure the amounts were correct.

37.     Over the period of the next several months Mr. Beriguete became current on the car loan. He has paid the loan off in its entirety. Now he brings suit to hold Defendants accountable for their violations of law.

38.     The actions of all Defendants inflicted actual damages on Mr. Beriguete. Defendants actions inflicted extreme emotional distress on Mr. Beriguete that disrupted his activities of daily living. For long periods of time he experienced feelings of fear, terror and anxiety; fear of arrest, fear for his own safety and the safety of his family; and shame and embarrassment in front of his neighbors that he owed money. This extreme emotional distress had physical manifestations including, without limitation, inability to sleep, increased blood pressure, and headaches.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act (as to Defendants State Recovery, Inc. and John Does # 1 – 4 alone)

39.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

6

and realleged herein.

40.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

41.     Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil  actions brought by others.")

42.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he was alleged to owe a debt.

43.     The obligation alleged by Defendants to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative car loan was incurred primarily for family, personal or

household purposes.

44.     The State Recovery, Inc. and John Does # 1 – 4 (the "Repossession Defendants") are "debt collectors" as defined in 15 U.S.C. § 1692a(6) as they demanded payment of money when they sought to repossess the vehicle and, on information and belief, it is their regular practice to do so.

45.     The actions of the Repossession Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

46.     The Repossession Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692c – 1692g.  By way of example and not limitation Repossession Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt:  communicating with a consumer at any unusual place or a time or a time or place known or which should be known to be inconvenient to the consumer; communicating with third parties; engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; the use of obscene or profane language or language the natural consequence of which is to abuse the hearer; causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or

Last printed 3/1/2012 4:14:00 PM

wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; threatening to take and actually taking an action that cannot legally be taken or that is not intended to be taken; the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer; the use of any false representation or deceptive means; the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector; using any false representations or deceptive means; using unfair or unconscionable means; taking or threatening to take any nonjudicial action to effect dispossession of property with no present right or intention to do so, or the property is exempt; and failing to provide the notices required in 15 U.S.C. 1692g(a) within 5 days of the initial communication with the consumer.

47.     A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

## COUNT # 2: Repossession attempted with breach of peace in violation of Uniform Commercial Code § 9.609 (as to all Defendants)

48.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49.     All Defendants violated Article 9 of the U.C.C., which governs secured transactions.

9

Specifically, Defendants attempted to repossess the Xterra in a manner that breached the peace, in violation of U.C.C. § 9.609(b)(2).

50.    Mr. Beriguete is entitled to actual, punitive and exemplary damages for the breach of the peace.

51.    Mr. Beriguete is entitled to statutory damages under U.C.C. § 9.609(b)(2) of the finance charge ($6,559.51), *plus* either 10 % of the cash price ($40,056.64 x .10 = $4,005.66) or 10 % of the amount financed ($31,537.13 x .10 = $3,153.71). (In other words, up to  $10,565.17)  In either case, Mr. Beriguete is entitled to an additional $500.00 for each U.C.C. violation.

## C.    Count 3—Violations of the U.C.C. accounting requirement (by NMAC alone)

52.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as though set forth fully and at length herein.

53.    On May 26, 2011 plaintiff made a "request," a "request for accounting," a "request regarding a statement of account" within the meaning of the UCC § 9-210 to NMAC.

54.    Pursuant to UCC § 9-210(b) – (e), NMAC was required to provide specific responses as to the interest NMAC claimed in the vehicle, and the basis of the assertion, within 14 days of receiving the written demand.

55.    NMAC refused to comply with its statutory accounting requirements.

56.    NMAC is responsible for actual damages and statutory damages of $500.00 for its violation of the U.C.C. accounting requirement.

Last printed 3/1/2012 4:14:00 PM

### D.    JURY DEMAND.

57.    Plaintiff demands a trial by jury.

### E.    PRAYER

58.    For these reasons, Plaintiff asks for judgment against Defendants for the following:

    i.    The above referenced relief requested;

    ii.    Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

    iii.    Statutory damages under the Uniform Commercial Code;

    iv.    Actual damages within the jurisdictional limits of the court;

    v.    Exemplary and punitive damages within the jurisdictional limits of the court;

    vi.    Attorney fees and costs;

    vii.    Prejudgment and post-judgment interest as allowed by law;

    viii.    A declaration that defendants violated the FDCPA and the Uniform Commercial Code as alleged in the complaint;

    ix.    General relief;

    x.    All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/

Ahmad Keshavarz

11

ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Last printed 3/1/2012 4:14:00 PM

# EXHIBIT A

# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR    WWW.NEWYORKCONSUMERATTORNEY.COM    PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026    E-mail: ahmad@NewYorkConsumerAttorney.com    FAX: (877) 496-7809

March 14, 2011

State Recovery
PO Box 530
Waldon, NY 12586

*Via C.M.R.R.R. and fax (845) 778-8528*

Re:    **Notice of repossession harassment and verification demand pursuant to 15 U.S.C. 1692c.**

         **Client: Rafeal Beriguete**
         **Finance company: Nissan Motor Acceptance**
         **Account #: 901002457574630001**
         **Address: 1637 Nelson Ave., Apt. 1A, Bronx, NY 10453**

         **Vehicle: 2005 Nissan Xterra**
         **V.I.N.: 5N1AN08W55C610668**

Dear State Recovery:

     I represent the above referenced individual.

     Please be on notice that "Chuck," an employee at your company, has used unlawful debt collection tactics in his effort to collect my client's alleged debt. He has threatened to have my client arrested, has pounded on my client's door at 3:00 in the morning, and has threatened to garnish my client's wages. This is a formal demand that your company cease such unlawful actions and all further breaches of the peace.

     Furthermore, "Chuck" has demanded payment of a specific amount and, thus, is a debt collector under the Fair Debt Collection Practices Act. Therefore, pursuant to 15 U.S.C. 1692g, demand is hereby made for verification of this debt, which is disputed. Please provide an accounting of the last 24 payments made on this account and a statement for the amount now due.

     If you continue with your repossession efforts prior to providing a written verification to my office, my client will enforce all rights he has under law pursuant to 15 U.S.C. 1692c.

     Finally, you are hereby on notice that my client is represented by counsel. If you continue to contact my client he reserves the right to take all actions allowed by law.

Sincerely,

Ahmad Keshavarz
Attorney at Law

cc: client

# EXHIBIT B

# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

March 14, 2011

Nissan Motor Acceptance Corporation
PO Box 660360
Dallas, TX 75266-0360

### *Via C.M.R.R.R.*

Nissan Motor Acceptance Corporation
PO Box 17275
Baltimore, MD 21297

### *Via C.M.R.R.R. and fax (972) 607-7817*

Re:   **Notice of Repossession Harassment and UCC Accounting Demand.**

**Client: <u>Rafael Beriguete</u>**
**Account #: <u>901002457574630001</u>**
**Address: <u>1637 Nelson Ave., Apt. 1A, Bronx, NY 10453</u>**
**Social Security #: <u>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</u>**
**D.O.B.: <u>06/03/58</u>**

**Vehicle: <u>2005 Nissan Xterra</u>**
**V.I.N.: <u>5N1AN08W55C610668</u>**
**Finance company: Nissan Motor Acceptance**

Dear Nissan Motor Acceptance:

My office represents the above referenced individual. Please direct all communications regarding this matter or this alleged account to my office.

Please be on notice that State Recovery, the repossession company you are using to collect on my client's alleged debt, has used unlawful collection tactics. "Chuck" at (973) 670-3715, has threatened to have my client arrested, has pounded on my client's door at 3:00 in the morning, and has threatened to garnish my client's wages. We have contacted State Recovery and have spoken with Tommy Sanson, who confirmed that "Chuck" is an employee. You are on formal notice that State Recovery has used such unlawful collection tactics. If you continue to use this repossession company, you will have ratified its unlawful actions.

Furthermore, my disputes owing any amount to Nissan Motor Acceptance regarding the 2005 Nissan Xterra as he has been making payments and received no statements of account – despite repeated demands. I request that Nissan Motor Acceptance provide an accounting of the unpaid obligations it contends my owes regarding the 2005 Nissan Xterra. I request that Nissan Motor Acceptance approve or correct the following statement: Rafael Beriguete does not owe Nissan Motor Acceptance any amount for the 2005 Nissan Xterra.

Please contact my office to attempt to resolve this matter.

Sincerely,

Ahmad Keshavarz
Attorney at Law

cc: client

# EXHIBIT C



**NISSAN MOTOR ACCEPTANCE CORPORATION**

8900 Freeport Parkway
Irving, TX 75063

Mailing Address: P.O. Box 660360
Dallas, TX 75266-0360

Telephone: 800-456-6622

May 19, 2011

Rafael Beriguete
1637 Nelson Ave Apt 1a
Bronx, NY 10453

RE:  Account Number: 90102457574630001

Pursuant to our arrangements on the above account, please find enclosed the Modification and
Repayment Agreement.  Please sign and return the agreement with your first month's payment of
**$375.00** due on **June 06, 2011**.

If you have any questions, you may call us at 1-800-777-6700, Monday through Thursday between
the hours of 7:00 a.m. and 5:00 p.m., Friday 7:00 a.m. to 4:00 p.m. Central Time.

NISSAN MOTOR ACCEPTANCE CORPORATION
Loss Recovery Department

ND19 revised 8-16-2007

# EXHIBIT D

May 26, 2011

Nissan Motor Acceptance Corporation
PO Box 660360
Dallas, TX 75266

> **Re:  Accounting demand.**
>
> **Account #: 901002457574630001**
> **Social Security #:** _ ` `
>
> **Vehicle: <u>2005 Nissan Xterra</u>**
> **V.I.N.: <u>5N1AN08W55C610668</u>**
> **Finance company: Nissan Motor Acceptance**

Dear Nissan Motor Acceptance:

I have signed the "Modification and Repayment Agreement" you mailed to me on May 19, 2011. It is enclosed. I still do not know if what you say I owe is correct. I have made payments before but have not received any statements from you. You say that the amount I owe is $2,956.01. Please provide me an accounting of exactly how you come to that amount, showing all the payments you received, and any penalties and interest you claim I owe. Are you charging me repossession fees? How much?

Sincerely,

Rafael Beriguete
1637 Nelson Ave., Apt. 1A
Bronx, NY 10453

## MODIFICATION AND REPAYMENT AGREEMENT

TERMS:

Rafael Beriguete
1637 Nelson Ave Apt 1a
Bronx, NY 10453

Note and Security
Agreement dated: **March 22, 2005**
Maturity Date: **August 06, 2011**
Account Number: **90102457574630001**
Original Loan Amount: **$31,537.13**
ACCOUNT STATUS: **CHARGE OFF**

CREDITOR: **NISSAN MOTOR ACCEPTANCE CORPORATION (NMAC)**

Payments on the enclosed Note are hereby modified until the balance is paid-in-full in the following manner:

1. Interest rate is changed to: N/A.

2. Monthly payments will be made beginning on: **June 06, 2011**
   Monthly payments in the amount of: **$375.00**
   **Payments will be due each month until the balance is paid-in-full.**

3. Payments will be made payable to:

   **NISSAN MOTOR ACCEPTANCE CORPORATION
   P.O. Box 78132
   Phoenix, AZ 85062-8132**

**The unpaid principle balance, due and owing at this time of modification is $2,956.01**

**The first payment of $375.00 due June 06, 2011 will accompany the signed copy of this modification. Future payments will be sent to the above address as indicated.**

**The terms and conditions of the Note are incorporated by reference and govern all rights and remedies not covered by this agreement, including creditors rights upon default. If the terms of this agreement are breached by debtor, debtor agrees that creditor may resume its efforts to recover the full amount of all sums due and owing prior to the extension of this agreement to creditor, without prior notice and without regard to the payment schedule described herein.**

**I Agree**

**SIGNATURE** _____

**Representative** _____

**CO-BUYER** _____

**NMAC Title** _____

**ADDRESS:**

1637 - NEL Zon Au 1-A

BRONX NY- 10453

**DATE** _____

**PHONE #** _____

**DATE** 05/26/2011

N013