Jack Gross, Esq.
THE CHARTWELL LAW OFFICES, LLP
*Attorneys for Defendant*
*Nissan Motor Acceptance Corporation*
One Battery Park Plaza, 35th Floor
New York, New York 10004
(212) 968-2300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAFAEL BERIGUETE,<br><br>                Plaintiff,<br><br>-v-<br><br>STATE RECOVERY, INC.,<br>NISSAN MOTOR ACCEPTANCE<br>CORPORATION,<br>John Does # 1-4,<br><br>                Defendants. | Case No.: 12 CV 1559<br><br>**ANSWER** |

Defendant, **NISSAN MOTOR ACCEPTANCE CORPORATION** ("NMAC"), by its attorneys, The Chartwell Law Offices, LLP, as and for its Answer to plaintiff's Complaint and Jury Demand, alleges, upon information and belief, as follows:

                A.    **JURISDICTION AND VENUE**

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1", "2", "3" and "5" of plaintiff's Complaint and Jury Demand; and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of plaintiff's Complaint and Jury Demand, except admits

that it is a foreign corporation with a principal place of business at One Nissan Way, Franklin, TN 37067; and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

### B.  STATEMENT OF FACTS

3. Denies the allegations set forth in paragraph "6" of plaintiff's Complaint and Jury Demand, except admits that plaintiff contracted for the purchase of a 2005 XTerra, that the contract was assigned to NMAC, that the amount financed was $31,537.13 and that the finance charge was $6,559.51; refers plaintiff and the Court to the contract regarding its full terms and conditions; and further reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "7", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "23", "24", "25", "26", "27", "28", "29", "32", "33" and "36" of plaintiff's Complaint and Jury Demand, refers plaintiff and the Court to the relevant documents referenced in those paragraphs for the contents, terms, and conditions thereof; and further reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

5. Denies the allegations set forth in paragraphs "8," "19," "20," "21," "22", "31", "34" and "35" of plaintiff's Complaint and Jury Demand, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

6. Denies the allegations set forth in paragraph "30" of plaintiff's Complaint and Jury Demand, except admits that it sent a Modification and Repayment Agreement to plaintiff, the terms and contents of which speak for themselves; and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

7.  Denies the allegations set forth in Paragraph "37" of plaintiff's Complaint and Jury Demand, except admits that Mr. Beriguete's account is paid off; and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

8.  Denies the allegations set forth in paragraph "38" of plaintiff's Complaint and Jury Demand insofar as said allegations relate to defendant, NMAC; denies knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to any other parties; and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

### AS AND FOR AN ANSWER TO COUNT # 1: VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
**(as to Defendants State Recovery, Inc. and John Does #1 – 4 alone)**

9.  In response to paragraph "39" of plaintiff's Complaint and Jury Demand, NMAC repeats, reiterates and realleges each and every response set forth above as though set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "40", "41", "42", "43", "44", "45", "46" and "47" of plaintiff's Complaint and Jury Demand, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

### AS AND FOR AN ANSWER TO COUNT # 2: REPOSSESSION ATTEMPTED WITH BREACH OF PEACE IN VIOLATION OF UNIFORM COMMERCIAL CODE § 9.609
**(as to all Defendants)**

11. In response to paragraph "48" of plaintiff's Complaint and Jury demand, NMAC repeats, reiterates and realleges each and every response set forth above as though set forth herein.

12. Denies the allegations set forth in paragraphs "49", "50", and "51" of plaintiff's

Complaint and Jury Demand as they relate to NMAC, denies knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to any other parties, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

## AS AND FOR AN ANSWER TO COUNT 3 – VIOLATIONS OF THE U.C.C. ACCOUNTING REQUIREMENT
### (by NMAC alone)

13. In response to paragraph "52" of plaintiff's Complaint and Jury Demand, NMAC repeats, reiterates and realleges each and every response set forth above as though set forth herein.

14. Denies the allegations set forth in paragraphs "53", "54", "55" and "56" of plaintiff's Complaint and Jury Demand, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

## JURY DEMAND

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of plaintiff's Complaint and Jury Demand, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

## PRAYER

17. Denies that plaintiff is entitled to the relief prayed for in paragraph "58" of plaintiff's Complaint and Jury Demand, and reserves and refers all questions of law, fact, and/or conclusions raised therein to the Trial Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint, and each and every cause of action asserted therein against NMAC, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Plaintiff's claims against NMAC are barred because of plaintiff's failure to join necessary parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's claims against NMAC are barred because of plaintiff's failure to mitigate damages.

### AS AND FOR A CROSS-CLAIM AGAINST STATE RECOVERY, INC., and JOHN DOES # 1-4

1) If plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint and Jury Demand and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract other than of plaintiff's, the negligence and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of co-defendants, STATE RECOVERY, INC. and JOHN DOES #1-4, with indemnification, save harmless agreement, contribution and/or responsibility by it in fact and/or implied in law and without any breaches or any negligence of NMAC contributing thereto, and if NMAC is found negligent as to the injuries and damages as set forth in plaintiff's Complaint and Jury Demand, then and in that event, the relative responsibilities of NMAC and STATE RECOVERY, INC. and JOHN DOES # 1-4, in fairness must be apportioned by a separate determination, in view of the existing factual disparity; and co-defendants, STATE RECOVERY, INC., and JOHN DOES # 1-4, will be liable over jointly and severally to NMAC and bound to fully indemnify and hold it harmless for the full amount, or applicable portion, of any verdict or judgment that plaintiff may recover against them under principles of indemnification and/or contribution, pursuant to

*Dole v. Dow* and/or common law standards, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in connection with the cross-claim.

**WHEREFORE**, defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, respectfully requests that the Complaint and Jury Demand of plaintiff, RAFAEL BERIGUETE, be dismissed, with costs assessed to said plaintiff or, in the alternative, that judgment be granted to answering defendant on its cross-claims.

Dated: New York, New York
       May 17, 2012

                                      Yours, etc.

                                      **THE CHARTWELL LAW OFFICES, LLP**

                                      BY: JACK GROSS, ESQ.
                                      *Attorneys for Defendant*
                                      *Nissan Motor Acceptance Corporation*
                                      One Battery Park Plaza, 35th Floor
                                      New York, New York 10004
                                      (212) 968-2300

TO:    THE LAW OFFICE OF AHMAD KESHAVARZ
        16 Court Street, 26th Floor
        Brooklyn, New York 11241-1026
        P: (718) 522-7900
        F: (877) 496-7809
        Email: ahmad@ NewYorkConsumerAttorney.com