AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| Rafael Beriguete | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:12-cv-01559-JPO |
| State Recovery, Inc.; Nissan Motor Acceptance Corporation; John Does #1-4 | ) (If the action is pending in another district, state where: ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: THOMAS ENDRIZZI, at his place of employment, U.S. Recovery, Inc., 1188 ROUTE 52, WALDEN, NY 12586

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Office of Ahmad Keshavarz<br>16 Court St., 26th Floor<br>Brooklyn, NY 11241-1026 | Date and Time:<br>10/18/2012 1:30 pm |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/05/2012

*CLERK OF COURT*

_____  OR  _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:12-cv-01559-JPO

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

A. **DEFINITIONS.**

The following definitions shall have the following meanings, unless the context requires otherwise:

1. The term "Plaintiff" means the Plaintiff listed in the style of this cause.

2. "The subject vehicle" or "Plaintiff's vehicle" means the 2005 Xterra Suburban, where the assignee finance company was Defendant listed in this cause Nissan Motor Acceptance Corporation ("NMAC").

B. **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following documents.

1. Documents reflecting any complaints regarding repossession attempts made by you, or Defendants in this lawsuit, State Recovery, Inc. or U.S. Recovery, Inc. d/b/a NYC Recovery from January 1, 2002 to present. Please provide documents that reflect what actions, if any, you took in response to said complaints.

2. Any contracts between you, U.S. Recovery, Inc., Defendant NMAC or Defendant State Recovery, regarding the repossession of vehicles in the last 5 years.

3. Any account information relating to Plaintiff's vehicle.

4. Any insurance policies in effect in the 2 years prior to the filing of this action, even if you believe there is no coverage.

5. Any documents pertaining to any repossession attempts between November 1, 2009 and present of Plaintiff's vehicle.

6. Any insurance identification card for any tow truck or wrecker you have used from January 1, 2010 to present.

7. All cell phone bills for any cell phones you had or used from January 1, 2010 to present.

8. Your "collection notes", "account notes" or "repossession notes" regarding Plaintiff or Plaintiff's vehicle.

9. Any contracts between you and any person (e.g. co-Defendant, Remarketing Solutions, or any other repossession company) that governs the obligations of each party in repossession attempts.

10. Documents reflecting communications you received from or provided to any person (e.g. co-Defendant, Remarketing Solutions, or any other repossession company) prior to the date of this federal lawsuit regarding Plaintiff, his vehicle or any attempt to repossess the same.

11. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

12. The contract with any other person (e.g. Remarketing Solutions, U.S. Recovery, Inc., State Recovery, Auto Insurance Auction, NMAC, or any other repossession company) or any

    third-party that you contend governs your collection of the alleged debt, or the repossession of the subject vehicle.

13. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which you have been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter repossession activities and for a period of three (3) years before the date of this request to the present.

14. All documents constituting, reflecting, referring or relating to communications between you and any other person (e.g. regarding Plaintiff, Plaintiff's vehicle, Remarketing Solutions, U.S. Recovery, Inc., State Recovery, Auto Insurance Auction, NMAC, or any other repossession company), or any other repossession company).

15. All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding repossessions.

16. Any documents in your possession reflecting complaints, as to the repossession attempts of you, Remarketing Solutions, U.S. Recovery, Inc., State Recovery, Auto Insurance Auction, NMAC, or any other repossession company within the last 5 years.

17. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

AFFIDAVIT OF SERVICE
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| RAFAEL BERIGUETE | CIVIL ACTION NO#: |
| --- | --- |
| PLAINTIFF(S) | 1:12-CV-01559-JPO |
| Against | |
| STATE RECOVERY, INC, NISSAN MOTOR ACCEPTANCE CORPORATION, JOHN DOE #1-4 | |
| DEFENDANT(S) | |

ORANGE COUNTY, NEW YORK STATE:   MICHAEL ROOT being sworn, says: Deponent is not a party herein us over 18 years of age and resides at 9 Majestic Court, Newburgh, NY 12550

On OCTOBER 10 2012 at 1:22PM at 1188 ROUTE 52 WALDEN NY 12586 deponent served the within

___SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
ON THOMAS ENDRIZZI defendant

Suitable
Age person

by delivering thereat a true copy of each to VALERIE "DOE" a person of suitable age and discretion. Said premises is recipient's actual place of business .

Mailing

within 20 days of such delivery or affixing, on 11 day of OCTOBER 2012 deponent enclosed a copy of same in a first class postpaid envelope properly addressed to the recipient, marked" Personal and Confidential", to recipient, at 1188 ROUTE 52 WALDEN NY 12586 and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

OTHER- server reports that he was told by secretary that Thomas Endrizzi would be in office in 5 minutes after she spoke to him on the phone. Server was made to stand in business for 45minutes and Mr. Endrizzi never came out of his office-

AT TIME OF SAID SERVICE DEPONENT PAID IN ADVANCE $40.00 THE AUTHORIZED TRAVELING EXPENSES AND ONE DAY'S WITNESS FEE

DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:

| SEX | APPROX. AGE | APPROX HEIGHT | APPROX. WEIGHT | COLOR OF SKIN | COLOR OF HAIR |
| --- | --- | --- | --- | --- | --- |
| FEMALE | 40-49 | 5'8"-5'11" | 175-199 | WHITE | BLONDE & BROWN |
| OTHER: REFUSED LAST NAME | | | | | |

X   Deponent asked the indicated person whether the defendant and/ or present occupant was presently in   the military service of the United States Government or on active duty in the military service in the State of New York or a dependant of anybody in the military and was told defendant and/ or present occupant was not.

Sworn to before me on the
day of _____ 20___

_____
MICHAEL ROOT

MELISSA A. BARRINGER
NOTARY PUBLIC STATE OF NEW YORK
NO. 01BA6211157
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES SEPTEMBER 14, 20___