UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAFAEL BERIGUETE,

<table>
<tr><td>Plaintiff,</td><td><b>ANSWER</b></td></tr>
<tr><td>-against-</td><td>Index No.: 12-CV-01559 (JPO)</td></tr>
</table>

STATE RECOVERY, INC., NISSAN MOTOR
ACCEPTANCE CORPORATION, ASSET
MANAGEMENT OUTSOURCING RECOVERIES,
INC. d/b/a AMO RECOVERIES, U.S. RECOVERY,
INC. d/b/a NYC RECOVERY, CHUCK MCQUISTION
and JOHN DOES # 1-5,

                          Defendants.
------------------------------------------------------------------X

The defendant, **ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES**, by its attorneys, The Law Offices of Edward Garfinkel, as and for an answer to the complaint of the plaintiff herein, respectfully allege(s) upon information and belief:

## JURISDICTION AND VENUE

**FIRST:**     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **3** of the complaint.

**SECOND:**     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **4, 5, 7 and 8** of the complaint and respectfully refers all questions of law to the court.

**THIRD:**     Denies paragraphs **1 and 2** of the complaint and respectfully refers all questions of law to the court.

**FOURTH:**     Denies paragraph **6** of the complaint and respectfully refers all questions of law to the Court Except Admits that ASSET MANAGEMENT OUTSOURCING

RECOVERIES, INC. d/b/a AMO RECOVERIES is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 5655 Peachtree Parkway, Norcross, Georgia 30922.

## STATEMENT OF FACTS

**FIFTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 33, 34, 35, 36, 37, 40, 41, 42, 43, 44, 46 and 47** of the complaint.

**SIXTH:** Denies paragraphs **49 and 52** of the complaint.

**SEVENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **24 and 38** of the complaint and respectfully refers all questions of law to the court.

**EIGHTH:** Denies paragraphs **15, 31, 32, 39, 45 and 48** of the complaint and respectfully refers all questions of law to the court.

**NINTH:** Denies each and every allegation set forth in paragraph **53** of the complaint except admits that ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES called Mr. Beriguete directly and sent a collection letter directly to Mr. Beriguete and respectfully refers all questions of law to the court.

**TENTH:** Denies each and every allegation set forth in paragraphs **54** of the complaint except admits that ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES spoke with and called Mr. Beriguete after counsel from Mr. Beriguete could not be contacted.

**ELEVENTH:** Denies paragraph **50** of the complaint and respectfully refers all questions of law to the Court Except Admits that Beginning in November 2011, Mr. Beriguete

was contacted by ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES.

**TWELFTH:** Denies paragraph **51** of the complaint and respectfully refers all questions of law to the Court Except Admits that ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES, in November 2011 contacted Rafael Beriguete in connection with a debt owed to Nissan.

## A. COUNT # 1:  VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICED ACT (AS TO ALL DEFENDANTS)

**THIRTEENTH:** Repeats the admissions and denials to the paragraph(s) of the complaint repeated and realleged in paragraph **55** of the complaint.

**FOURTEENTH:** Admits paragraph **62** of the complaint.

**FIFTEENTH:** Denies paragraphs **61 and 65** of the complaint.

**SIXTEENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **60** of the complaint and respectfully refers all questions of law to the court.

**SEVENTEENTH:** Denies paragraphs **56, 57, 58, 59, 63, 64 and 66** of the complaint and respectfully refers all questions of law to the court.

## B. COUNT # 2: REPOSSESSION ATTEMPTED WITH BREACH OF PEACE IN VIOLATION  OF UNIFORM COMMERCIAL CODE § 9.609 (AS TO ALL DEFENDANTS EXCEPT AMO)

**EIGHTEENTH:** Repeats the admissions and denials to the paragraph(s) of the complaint repeated and realleged in paragraph **67** of the complaint.

**NINETEENTH:** Denies paragraph **68** of the complaint.

**TWENTIETH:** Denies paragraphs **69 and 70** of the complaint and respectfully refers all questions of law to the court.

## C. COUNT # 3: - U.C.C. VIOLATIONS OTHER THAN BREACH OF THE PEACE (BY NMAC ALONE)

**TWENTY-FIRST:** Repeats the admissions and denials to the paragraph of the complaint repeated and realleged in paragraph **71** of the complaint.

**TWENTY-SECOND:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **72, 73, 74 and 76** of the complaint and respectfully refers all questions of law to the court.

**TWENTY-THIRD:** Denies paragraph **75** of the complaint.

## D. COUNT # 4: VIOLATIONS OF N.Y. PERS. PROP. LAW, CH. 41, ART. 10 FOR FAILURE TO PROVIDE NOTICE OF DEFAULT AND RIGHT TO CURE

**TWENTY-FOURTH:** Repeats the admissions and denials to the paragraph(s) of the complaint repeated and realleged in paragraph **77** of the complaint.

**TWENTY-FIFTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **78, 79, 80, 81 and 83** of the complaint.

**TWENTY-SIXTH:** Denies paragraphs **82 and 84** of the complaint and respectfully refers all questions of law to the court.

## E. JURY DEMAND

**TWENTY-SEVENTH:** Denies paragraph **85** of the complaint and respectfully refers all questions of law to the court.

## F. PRAYER

**TWENTY-EIGHTH:** Denies paragraphs **86** of the complaint and respectfully refers all questions of law to the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff's cause of action is barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any alleged violations of the Fair Debt Collection Practices Act were not intentional, but resulted from a bona fide error notwithstanding the maintenance of procedures reasonably implemented to prevent such errors.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to state a cause of action.

WHEREFORE, the defendant, **ASSET MANAGEMENT OUTSOURCING RECOVERIES, INC. d/b/a AMO RECOVERIES**, demands judgment dismissing the Complaint of the plaintiff(s) herein together with attorneys' fees and the costs and disbursements of this action.

Dated: Brooklyn, New York
      November 30, 2012

Yours etc.,
The Law Offices of Edward Garfinkel
Attorneys for Defendant,
ASSET MANAGEMENT OUTSOURCING
RECOVERIES, INC. d/b/a AMO
RECOVERIES
By:   Kevin Barry McHugh
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
Our File No.: NYNY-30393

TO:   Ahmad Keshavarz, Esq.
      The Law Office of Ahmad Keshavarz
      Attorneys for Plaintiff
      16 Court Street, 26th Floor
      Brooklyn, New York 11241
      (718) 522-7900

      John L. Russo, Esq.
      Attorney for Defendants
      STATE RECOVERY, INC. and U.S.
      RECOVERIES d/b/a NYC RECOVERIES
      31-19 Newton Avenue, Suite 500
      Astoria, New York 11102
      (718) 777-1277

David Alan Brodsky, Esq.
Attorney for Defendants
STATE RECOVERY, INC. and U.S.
RECOVERIES d/b/a NYC RECOVERIES
Greenwald Law Offices
99 Brookside Ave.
Chester, NY 10918
(845) 469-4900

Jack Gross, Esq.
Attorneys for Defendant
NISSAN MOTOR ACCEPTANCE
CORPORATION
The Chartwell Law Offices, LLP
One Battery Park Plaza, 35th Floor
New York, New York 10004
(212) 968-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAFAEL BERIGUETE,

                          Plaintiff,                          **Civil Action No.: 12-CV-01559(JPO)**

       -against-

STATE RECOVERY, INC., NISSAN MOTOR
ACCEPTANCE CORPORATION, ASSET
MANAGEMENT OUTSOURCING RECOVERIES,
INC. d/b/a AMO RECOVERIES, U.S. RECOVERY,
INC. d/b/a NYC RECOVERY, CHUCK MCQUISTION
and JOHN DOES # 1-5,

                        Defendants.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2012 the foregoing document was filed with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the

Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon

the following parties and participants.

                                                _____
                                                Kevin Barry McHugh

TO:    Ahmad Keshavarz, Esq.
        Ahmad Keshavarz, Law Offices
        Attorney for Plaintiff
        16 Court Street - 26th Floor
        Brooklyn, NY 11241
        (718) 522-7900

        John L. Russo, Esq.
        Attorney for Defendants
        **STATE RECOVERY, INC. and U.S.
        RECOVERIES d/b/a NYC RECOVERIES**
        31-19 Newton Avenue – Suite 500
        Astoria, New York 11102
        (718) 777-1277

David Alan Brodsky, Esq.
Attorney for Defendants
**STATE RECOVERY, INC. and U.S.**
**RECOVERIES d/b/a NYC RECOVERIES**
Greenwald Law Offices
99 Brookside Ave.
Chester, NY 10918
(845) 469-4900

Jack Gross, Esq.
Attorneys for Defendant
**NISSAN MOTOR ACCEPTANCE**
**CORPORATION**
The Chartwell Law Offices, LLP
One Battery Park Plaza – 35th Floor
New York, New York 10004
(212) 968-2300